### GURLAND v. C. W. L. REALTY CO. (No. 7551.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

1. LANDLORD AND TENANT ☞164—ELEVATORS—DUTY OF OWNER.

Where plaintiff, a child of nine, was injured by the starting of an apartment house elevator which her sister had just entered, and the court refused to charge that, if the accident happened entirely through the negligence of the sister, the verdict should be for defendant, a verdict for plaintiff could not stand, since it might have been rendered on the theory that it was the duty of the defendant to construct and maintain the elevator so that it could not have been started by plaintiff's sister.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. ☞164.]

2. LANDLORD AND TENANT ☞164—OPERATOR OF PASSENGER ELEVATOR—DUTY OF CARE IN MAINTENANCE AND OPERATION.

One owning and operating a passenger elevator in an apartment house is under duty to exercise only ordinary care in its maintenance and operation.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. ☞164.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. LANDLORD AND TENANT ⊚⟹164—OPERATOR OF PASSENGER ELEVATOR—
    DUTY.
      Where, in the exercise of ordinary care, an apartment house owner,
    operator of a passenger elevator therein, could not have foreseen the
    cause of an accident to its tenant's child by an accidental starting, it
    was not liable therefor.
      [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
    630–637, 639, 641; Dec. Dig. ⊚⟹164.]

Appeal from Trial Term, New York County.

Action by Esther Gurland, an infant, by Rebecca Gurland, her
guardian ad litem, against the C. W. L. Realty Company. Judgment
for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, DOWLING, and HOTCHKISS, JJ.

Stephen P. Anderton, of New York City (James F. Mahan, of New
York City, on the brief), for appellant.

Henry L. Scheuerman, of New York City (Paul M. Herzog, of New
York City, on the brief), for respondent.

LAUGHLIN, J. This action was brought to recover damages for
personal injuries sustained by the plaintiff on the 4th day of June,
1912. She was then nearly 10 years of age, and resided with her par-
ents in an apartment on the fifth floor of a six-story elevator apart-
ment house known as 235–241 East Fifty-Seventh street, borough of
Manhattan, New York, owned by the defendant, and in which it oper-
ated an electric power passenger elevator for the use of the tenants.
The operation of the elevator was controlled by a lever, and it was in
charge of an operator, who also had charge of the telephone switch-
board on the first floor, some 15 to 25 feet from the entrance to the
elevator. The accident occurred at about 9 o'clock in the evening.
The plaintiff had an older sister, Clara, who was 11½ years of age,
and two younger sisters. It was a warm night, and about 8 o'clock in
the evening their mother took the children down to the ground floor
and left them in a playground in front of the building. Shortly before
the accident the children started to return to the apartment. The ele-
vator was at the ground floor with no one in it, but with the door open,
and the operator was attending to his telephonic duties. Clara entered
the elevator, and as the plaintiff was about to step into it the elevator
suddenly started upward and she was badly injured. The elevator
could have been started from the basement or by turning the lever in
the car. Clara testified that she did not turn the lever with her hand,
but she could not say whether or not her dress or body brushed
against it.

The case was submitted to the jury on the theory that the defendant
was liable if it was negligent in the manner in which it maintained and
operated the elevator. There was no evidence of any defect in the
elevator, other than the fact that it started, and the court so instructed
the jury. The court, in charging the jury with respect to what con-
stituted negligence, instructed them, in effect, that generally the law
only requires the exercise of ordinary care, which is the care a man of

ordinary prudence would exercise under the same circumstances, but then added the following:

"This case is a little different, and I charge you that in this case the defendant was bound to exercise great care, because he was running an elevator which was in effect, although not in all circumstances, the same as, practically, a public conveyance."

The court further charged that:

If the jury found that the defendant "did not use a great degree of care in the maintenance and operation of this elevator, and that the child was free from negligence, and did not in any degree contribute to the accident or her injury, then, of course, your verdict must be for the plaintiff."

At the close of the charge counsel for defendant duly excepted to the instructions to the effect that the defendant was required to use "the greatest care," and thereupon the court said, "I say a great degree of care, not the greatest." Counsel for defendant then duly excepted to that instruction, and requested the court to charge that the owner of the building in which there is a passenger elevator owes to the people using the elevator "the duty of using reasonable care in seeing that the premises are safe." In answer to this request the court said, "I will charge that," and thereupon counsel for the defendant added, "including the elevator," to which the court replied:

"I will except as to the elevator, and I will say in the maintenance and operation of the elevator he is chargeable with great care."

An exception was duly taken to this charge, and to the refusal to charge as requested. Counsel for the defendant also requested the court to instruct the jury that, if the accident was one which a person of ordinary prudence could not have foreseen, then the verdict must be for the defendant. The court declined so to charge, and the defendant duly excepted. The court thereupon, at the request of counsel for defendant, instructed the jury:

That "the uncontradicted evidence in this case is that the elevator and machinery were in perfect order," and that there was no evidence that the elevator "was caused to move by the direct act of any agent or employé of this defendant."

The court also refused to charge a request, duly made, that if the accident "happened entirely by reason of the negligence of" plaintiff's older sister, then the verdict must be for the defendant.

[1-3] It is manifest that the recovery cannot stand. The verdict under the charge may have been rendered on the theory that it was the duty of the defendant so to construct and maintain the elevator that it could not have been started by the plaintiff's older sister. The court erroneously instructed the jury with respect to the duty of the defendant in maintaining and operating the elevator. That duty was ordinary care; but the court plainly gave the jury to understand that, while that was the duty of the defendant with respect to maintaining its premises generally, a greater duty devolved upon it in maintaining and operating the elevator. The degree of care greater than ordinary care, which the court instructed the jury devolved on the defendant in maintaining and operating the elevator, was in no manner defined or limit-

ed, and therefore it cannot be said that the defendant was not prejudiced by the instructions given and refused on that subject. Of course, if in the exercise of ordinary care the defendant could not have foreseen the cause of the accident, it cannot be held liable therefor.

It follows, therefore, that judgment and order should be reversed, and new trial granted, with costs to appellant to abide the event. Order filed. All concur.